UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Elgersma,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Saint Paul, Lynette Cherry, Christopher Hansen, and Heather Weyker, in their official and individual capacities,<br><br>    Defendants. | Civ. No. 21-1792 (DWF/BRT)<br><br>**DEFENDANTS CHERRY, HANSEN, & WEYKER'S JOINT ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>(Jury Trial Requested) |

## ANSWER

Defendants Lynette Cherry, Christopher Hansen, and Heather Weyker (the "Defendants") provide the following answers to Plaintiff David Elgersma's Complaint.

## INTRODUCTION

1. Except as hereinafter admitted, qualified, or otherwise explained, Defendants deny each and every allegation contained in Plaintiff's Complaint.

2. As to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendants admit that on or about July 11, 2019, Defendants Lynette Cherry, Heather Weyker, and Christopher Hansen, as Saint Paul Police Department officers, arrested Plaintiff David Elgersma. The Saint Paul Police Department issued an Information Alert directing officers to book Plaintiff, if found, on the charges of wire fraud transfers and theft under Minn. Stat. § 609.52 and 609.821. Defendants deny the remaining allegations in Paragraph 1 and deny all allegations of wrongdoing, improper conduct and/or violation of

Plaintiff's constitutional rights, and further allege that all actions undertaken by Defendants were done for proper cause and in a good faith belief based on actual information upon which Defendants relied in conducting themselves.

## PARTIES

3. As to Paragraph 2 of Plaintiff's Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph.

4. Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

5. As to the allegations in Paragraph 4 of Plaintiff's Complaint, Defendants admit that on July 11, 2019, Defendants were acting in their capacities as Saint Paul Police Department officers when they arrested Plaintiff. The last sentence in Paragraph 4 of Plaintiff's Complaint asserts legal conclusions or other matters which are not susceptible to a responsive pleading.

## JURISDICTION

6. Paragraph 5 of Plaintiff's Complaint contains conclusions of law to which no response is required.

## BACKGROUND

7. Defendants admit the allegations in Paragraph 6 of Plaintiff's Complaint.

8. Defendants admit that a maintenance employee volunteered to knock on Plaintiff's apartment door, state "maintenance," and inform Plaintiff of a water leak. Defendants admit that there was no known water leak. Defendants deny all allegations of

2

unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

9. Defendants admit the allegations in Paragraph 8 of Plaintiff's Complaint.

10. Defendants admit that Plaintiff opened the door of his apartment from inside his apartment. As to the remaining allegations in Paragraph 9, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations.

11. As to the allegations in Paragraph 10, Defendants admit that they lawfully arrested and lawfully searched Plaintiff on July 11, 2019. Defendants deny the remaining allegations in Paragraph 10.

## FIRST CAUSE OF ACTION—BATTERY

12. As to Paragraph 11 of Plaintiff's Complaint, Defendants reallege and reassert their responses to the above paragraphs.

13. Defendants deny the allegations in Paragraph 12 of Plaintiff's Complaint.

14. Paragraph 13 of Plaintiff's Complaint asserts legal conclusions and other matters which are not susceptible to a responsive pleading

15. Defendants deny the allegations in Paragraph 14 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION—TRESPASS

16. As to Paragraph 15 of Plaintiff's Complaint, Defendants reallege and reassert their responses to the above paragraphs.

17. Paragraph 16 of Plaintiff's Complaint asserts legal conclusions and other matters which are not susceptible to a responsive pleading.

18. As to Paragraph 17 of Plaintiff's Complaint, Defendants lack sufficient knowledge or information to form a belief as to whether Plaintiff was the rightful possessor of the apartment. Defendants deny all allegations of unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

19. Paragraph 18 of Plaintiff's Complaint asserts legal conclusions and other matters which are not susceptible to a responsive pleading.

20. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION—FALSE ARREST/IMPRISONMENT

21. As to Paragraph 20 of Plaintiff's Complaint, Defendants reallege and reassert their responses to the above paragraphs.

22. Defendants admit the allegations in Paragraph 21 of Plaintiff's Complaint and deny all allegations of unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

23. Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

24. As to the allegations in Paragraph 23 of Plaintiff's Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in the paragraph. To the extent further response is required, Defendants deny all allegations of unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

25. Defendants deny the allegations in Paragraph 24 of Plaintiff's Complaint.

26. Paragraph 25 of Plaintiff's Complaint asserts legal conclusions and other matters which are not susceptible to a responsive pleading.

27. Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION—FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS

28. As to Paragraph 27 of Plaintiff's Complaint, Defendants reallege and reassert their responses to the above paragraphs.

29. Paragraphs 28 and 29 of Plaintiff's Complaint assert legal conclusions and other matters which are not susceptible to a responsive pleading. To the extent any further response is required, defendants deny all allegations of unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

30. Defendants deny the allegations in Paragraph 30 of Plaintiff's Complaint and all allegations of unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

31. Paragraph 31 of Plaintiff's Complaint asserts legal conclusions and other matters which are not susceptible to a responsive pleading. To the extent any further response is required, Defendants deny all allegations of unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

32. Defendants deny the allegations in Paragraphs 32 and 33 of Plaintiff's Complaint. Defendants deny all allegations of unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

## FIFTH CAUSE OF ACTION—UNCONSTITUTIONAL ENTRY INTO HOME IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS

33. As to Paragraph 34 of Plaintiff's Complaint, Defendants reallege and reassert their responses to the above paragraphs.

34. Paragraph 35 of Plaintiff's Complaint asserts legal conclusions and other matters which are not susceptible to a responsive pleading.

35. Defendants deny the allegations in Paragraphs 36 and 37 of Plaintiff's Complaint and deny all allegations of unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

## SIXTH CAUSE OF ACTION—UNCONSTITUTIONAL SEARCH IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS

36. As to Paragraph 38 of Plaintiff's Complaint, Defendants reallege and reassert their responses to the above paragraphs.

37. Paragraph 39 of Plaintiff's Complaint asserts legal conclusions and other matters which are not susceptible to a responsive pleading.

38. Defendants deny the allegations in Paragraphs 40 and 41 of Plaintiff's Complaint and deny all allegations of unlawful acts, improper conduct, and statutory violations asserted against the City of Saint Paul and those acting on its behalf.

## PLAINTIFF'S REQUEST FOR RELIEF

39. Paragraphs 1–4 contain Plaintiff's Request for Relief and therefore do not require a response. To the extent further response is required, Defendants deny all allegations of unlawful acts, improper conduct, and statutory violations asserted against the

City of Saint Paul and those acting on its behalf, and further denies that Plaintiff is entitled to any relief from Defendants.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

2. Plaintiff's claims are barred in whole or in part by the doctrine of qualified immunity.

3. Plaintiff's state law claims are barred in whole or in part by the doctrines of discretionary immunity, official immunity, vicarious official immunity, statutory immunity, and other immunities afforded to the City of Saint Paul and those acting on its behalf pursuant to Chapter 466 of the Minnesota Statutes.

4. Plaintiff did not experience any deprivation of rights under 42 U.S.C. §§ 1983 and 1988, the United States Constitution, or the common law of the State of Minnesota arising out of the subject incident.

5. Defendants deny all allegations of wrongdoing, improper conduct and/or violation of Plaintiff's constitutional rights, and further alleges that all actions undertaken by Defendants were done for proper cause and in a good faith belief based on actual information upon which Defendants relied in conducting themselves.

6. All actions taken by Defendants were legal, reasonable, proper, and necessary under the circumstances and authorized by the laws of the United States and the State of Minnesota.

7. Defendants' acts do not rise to the level of a constitutional violation.

8. Plaintiff suffered no constitutional or any other injury.

9. Plaintiff's Complaint may be barred, either in whole or in part, by his failure to take reasonable action to avoid or mitigate his alleged injuries and/or damages.

10. That even if Defendants are liable to Plaintiff under state law, liability for compensatory damages is limited pursuant to Minn. Stat. § 466.03 and § 466.04.

11. Plaintiff's claims may be barred by any and/or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses cannot be determined until there has been further investigation and/or discovery. Defendants, therefore, allege and incorporate all such affirmative defenses set forth in Fed. R. Civ. P. 8(c).

Defendants respectfully request judgment in their favor alongside costs and disbursements and other further relief as this Court deems to be just and equitable.

Dated: September 3, 2021

*Respectfully submitted,*

LYNDSEY M. OLSON
City Attorney

*/s/ Katie Mathurin*
KATIE MATHURIN #399963
Assistant City Attorney
750 City Hall and Court House
15 West Kellogg Boulevard
Saint Paul, MN 55102
Telephone: (651) 266-8751
Fax: (651) 266-8787
Email: *katie.mathurin@ci.stpaul.mn.us*

*Attorneys for Defendants*